

2014 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-16-2014

# In Re: Terrell Gee

Precedential or Non-Precedential: Non-Precedential

Docket No. 14-1811

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2014

Recommended Citation

"In Re: Terrell Gee" (2014). *2014 Decisions*. Paper 576.
http://digitalcommons.law.villanova.edu/thirdcircuit_2014/576

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2014 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-248                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1811
_____

IN RE:  TERRELL GEE,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to D. Del. Civ. No. 1-11-cv-00416)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 8, 2014

Before: SMITH, HARDIMAN and NYGAARD, Circuit Judges

(Opinion filed: June 16, 2014)
_____

OPINION
_____

PER CURIAM

Terrell Gee filed this petition for a writ of mandamus seeking an order compelling

the District Court to rule on his petition for a writ of habeas corpus.  For the reason that

follows, we will deny the mandamus petition.

Gee filed a habeas corpus petition in 2011, which the District Court dismissed as

time-barred on April 3, 2014.  Prior to that disposition, the matter had been pending

without action for two years.  Gee prepared and mailed his mandamus petition before the

District Court acted on his habeas petition, but the mandamus petition was docketed shortly after the District Court's decision. The Clerk notified Gee that a decision had been issued regarding his habeas petition, but Gee did not seek to withdraw his mandamus petition.

As the District Court has already done what Gee asks this Court to order it to do – rule on his habeas petition – Gee's mandamus petition is moot. See In re Surrick, 338 F.3d 224, 230 (3d Cir. 2003) (noting that "the central question of all mootness problems is whether changes in circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief") (quotation marks omitted). We will therefore deny the mandamus petition.